IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Robert Fitzgerald, ) | |
| ) | C/A No.: 3:12-cv-252-JFA |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Sharon Lynn Norris, ) | |
| ) | |
| and ) | |
| ) | |
| Joy S. Goodwin, Chapter 13 Trustee, ) | |
| ) | |
| Appellee. ) | |
| ) | |
| In re Sharon Lynn Norris, ) | |
| Chapter 13 – No. 10-01729-DD ) | |
| ) | |

This case is an appeal from the United States Bankruptcy Court for the District of South Carolina. The parties briefed their arguments pursuant to the schedule issued by this court, and the court heard oral argument on April 10, 2012. For the reasons set forth below, the court hereby affirms the bankruptcy court's order, entered on September 26, 2011 and amended on September 28, 2011, from which appellant takes this appeal.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Appellant, Charles Robert Fitzgerald, and Sharon Lynn Norris both filed petitions for bankruptcy under Chapter 13 in early 2010. Joy Goodwin was appointed trustee in both cases. This appeal arises from Norris's bankruptcy.

At the time of Norris's bankruptcy, Fitzgerald and Norris resided together at 237 Clearwater Lake Road, Camden, S.C., which Fitzgerald owned. They decided to move to

1

another property, 138 Lonesome Pine Trail, also in Camden, owned by Norris, and Fitzgerald surrendered the Clearwater Property. He moved his personal belongings to the Lonesome Pine property. On November 22, 2010, a fire destroyed the Lonesome Pine property, including Fitzgerald's personal property. The total amount eventually awarded by the insurance company as a result of the fire loss was $248,295.63. Norris and Fitzgerald dispute the amount of those proceeds to which Fitzgerald is entitled. Though initially Fitzgerald and Norris were represented by the same attorney, the disagreement caused them to separate, and they are now living apart and are represented by different counsel. Fitzgerald asserts that he is entitled to $26,000, the balance now remaining from the insurance settlement.

Appellee, the Trustee, argues that the insurance proceeds should have been a part of Norris's bankruptcy estate. Accordingly, the Trustee objected to Norris' Application to Approve Settlement because it did not disclose that Norris had received and distributed most of the insurance proceeds. In fact, Norris spent all but $26,000—the amount Fitzgerald now claims—of the proceeds that she received.[1] The Trustee argues that no distribution should have been made of those proceeds until the bankruptcy court made such a decision. Moreover, in the schedule of personal property filed in the bankruptcy (referred to as Schedule B), Mr. Fitzgerald lists the value of his property lost in the fire at $1,725. Ms. Norris asserts that she paid $2,000 to Fitzgerald before filing her

---

[1] Norris received only $160,000 of the proceeds; the other portion ($77,060) went to the lien holder of the destroyed property.

2

Application for Settlement. As a result, the Trustee argues that Fitzgerald has already been fully, though improperly, compensated for his loss.

Fitzgerald, on the other hand, contended that he was entitled to a portion of the proceeds and also filed an objection to the Notice of Settlement. The bankruptcy court held a hearing on the proposed settlement on April 11, 2011. At the hearing, Fitzgerald, through counsel, asserted that he was entitled to an order to protect the remaining funds. The court informed Fitzgerald that the proper manner to bring that issue before the bankruptcy court was to file an adversary proceeding. Fitzgerald's attorney told the court that he did indeed intend to file an adversary action for turnover the funds. (Hr'g Tr. 16:22–25, April 11, 2011.) The bankruptcy court denied Norris's Application to Approve Settlement, and ordered that the remaining $26,000 be turned over to the Trustee. The Trustee next, on April 21, 2011, filed a motion to modify the debtor's plan. Norris and the Trustee eventually reached an agreement on the modification. The court then entered a written consent order which noted that Norris intended to file modified plan. Fitzgerald appeared at the hearing for the motion to modify the plan on July 18, 2001, but he had not filed a written objection. The court determined that there was no basis to consider Mr. Fitzgerald's objection.

When Norris failed to file the modified plan as agreed upon by Norris and the Trustee, the Trustee, on August 30, 2011, filed a motion to dismiss and allow the $26,000 to be distributed to Norris's unsecured creditors. Norris later filed a response consenting to that motion. Fitzgerald filed an objection to the motion to dismiss in which he outlined his claim and sought a much higher amount than that listed in Schedule B. After hearing

3

argument from the parties, the court determined that the motion to dismiss should be granted. At the argument, the court inquired of Mr. Fitzgerald's attorney: "Was this supposed to have been resolved by the filing of an adversary action?" (Hr'g Tr. 11:1–2, Sept. 19, 2011.) Fitzgerald's attorney replied that he could not recall. The court ultimately granted the motion to dismiss and directed the Trustee to disburse the funds to Norris's creditors. The court also filed a written order addressing Fitzgerald's objection. The order noted that Fitzgerald did not file an adversary proceeding as he indicated he would. He also failed to file a written objection to the Trustee's motion to modify the plan, and failed to appeal any of the court's orders relating to the funds. The court concluded that Fitzgerald "had essentially acquiesce[ed]" and "cannot now . . . assert his claim to the funds." (Order 3–4, Sept. 26, 2011.) That order also authorized the Trustee to disburse the funds. *Id.*

Following the order granting the motion to dismiss, Fitzgerald filed a motion to reconsider in which he reiterated his arguments. The court held a hearing, and determined that reconsideration of its order would be prejudicial to the unsecured creditors. The court noted that Fitzgerald was essentially trying a second strategy after his initial strategy failed. The court also noted that Fitzgerald did not follow the strategy that "the Court insisted at the very beginning he follow." (Hr'g Tr. 14:18–24, Nov. 14, 2011.)

Fitzgerald filed his Notice of Appeal with this court on January 26, 2012. Fitzgerald appeals from the bankruptcy court's order, entered on September 26, 2011 and amended on September 28, 2011, holding that he waived his right to claim an interest in

4

insurance proceeds in the amount of $26,000.00. The parties have filed their briefs and the court has heard oral argument.

## II. STANDARD OF REVIEW

A district court has jurisdiction to hear appeals from final orders issued by the bankruptcy courts. 28 U.S.C. § 158(a)(1) (2006). The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013. This court reviews the bankruptcy court's conclusions of law de novo. *See Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007) (citing *Kielisch v. Educ. Credit Mgmt. Corp.* (*In re Kielisch*), 258 F.3d 315, 319 (4th Cir. 2001)).

## III. DISCUSSION

The bankruptcy court determined that when Fitzgerald failed to file an adversary proceeding, he waived his right to claim an interest in the insurance proceeds. A waiver is a voluntary relinquishment of a known right. *See In re Varat Enter., Inc.*, 81 F.3d 1310, 1317 (4th Cir. 1996). Failure to insist upon a right may also constitute a waiver. *In re Workman*, 373 B.R. 460, 465 (Bankr. D.S.C. 2007).

Appellant, Fitzgerald, first argues that his actions do not constitute a waiver because he has maintained a consistent position. Fitzgerald asserts that he argued his position throughout the objection to the Notice of Settlement, though he admits that he did not file a responsive pleading to the Trustee's motion for Norris to amend the plan. Fitzgerald argues that it is significant that Norris never filed an amended Chapter 13 plan. Fitzgerald argues that because Norris did not file an amended plan, he never had a chance—which he asserts he would have taken—to object to the terms of the modified

plan.  Fitzgerald did, however, file an objection to a portion of the Trustee's motion to dismiss that sought authority to disburse the insurance proceeds.  However, he was not permitted to argue at the hearing on that motion.

Fitzgerald also asserts that his "due process rights as to his interest in the insurance proceeds have been violated."  (Appellant Br. 10.)  He argues that he was never given the opportunity to argue before the bankruptcy court that a portion of the insurance proceeds belonged to him.  Fitzgerald does not argue that he did not have sufficient notice; he only asserts that he has not been given the proper opportunity to be heard.

The Trustee, Appellee, begins her argument by arguing that the general rule of finality—embraced by such judicial principles as preclusion and res judicata—mandates that there must be some ending point to litigation.  *See Cnty. Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 293 (4th Cir. 1987).  In this case, the Trustee argues these principles dictate that Fitzgerald has waived his chance to make the argument he now brings.  The Trustee also argues that *Varat*, cited by Fitzgerald, supports his position.  In *Varat*, the debtor's law firm filed an objection to the debtor's reorganization plan, and the debtor eventually amended its plan and the creditor at issue did not object.  *Varat*, 81 F.3d at 1313–14.  The creditor only belated objected when it discovered that the firm's claim would be considered secured under the new plan, but the court held that the creditor had waived the right to object.  *Id.* at 1314.  In this case as in *Varat*, the parties had an opportunity to file the necessary proceeding, yet failed to do so.

The Trustee argues that the important fact in the bankruptcy proceeding was that Fitzgerald never filed an adversary proceeding.[2] Fitzgerald stated that he intended to file such a proceeding in April 2011. (Hr'g Tr. 16:23, April 11, 2011.) Fitzgerald informed the court at oral argument that he chose to pursue other avenues, in part because of the cost of filing an adversary proceeding.

The Trustee also argues that debtors often voluntarily dismiss their actions and that nothing was improper about the court dismissing the action in this case. For example, in *Varat*, the Fourth Circuit stated that a creditor "certainly should have anticipated" that the bankruptcy court would interpret the debtor's law firm's claim as a secured claim. *Id.* at 1316. The court determined that the creditor should have reached this conclusion by "combining logic with its knowledge that [the firm] claimed that [the debtor] owed it thousands of dollars in unpaid legal fees . . . ." *Id.* In this case, Fitzgerald argues that he would have filed an objection to any modified plan, but he did not get that chance because the bankruptcy court chose to dismiss the action. The court's decision to dismiss the action—like the decision in *Varat* to characterize the claim as secured—should have been anticipated.

As to the due process claim, the Trustee asserts that the claim is not properly before this court because it was not raised below. *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances.") The Trustee argues that because this

---

[2] An adversary proceeding includes "a proceeding to recover money or property." Fed. R. Bankr. P. 7001. In a case where a creditor sought a declaration of a constructive trust, a bankruptcy court held "that such a claim *must* be brought by adversary proceeding" because it was a proceeding to "recover money or property." *In re Commercial Fin. Servs., Inc.*, 268 B.R. 579, 591 (Bankr. N.D. Okla. 2001).

7

argument was not made in the bankruptcy court, it is not properly before this court on appeal. The Trustee also argues in the alternative that Fitzgerald did in fact have the opportunity to make the argument before the bankruptcy court, but failed to do so.

This court affirms the bankruptcy court and finds that Fitzgerald has waived the argument that he is entitled to a portion of the proceeds. Fitzgerald's counsel stated that he intended to file an adversary proceeding, and such a proceeding was what the bankruptcy court expected and advised would be proper. Therefore, the failure to do so is the fault of Fitzgerald and his attorney, not the fault of the bankruptcy court. While Fitzgerald argues that his position has been consistent, he failed to bring that position before the court in the proper manner to enable the court to hear his argument. Accordingly, the bankruptcy court did not commit error when it determined that he had waived any interest he may have in the proceeds.

Additionally, the fact that the bankruptcy court chose to dismiss the case does not change the result. By failing to file the adversary proceeding, Fitzgerald failed to bring the issue before the bankruptcy court in the proper manner. While Fitzgerald notes that he also contemplated other procedures to bring the issue before the bankruptcy court, none of those procedures occurred. As in *Varat*, the course the bankruptcy court took—though not the one anticipated by Fitzgerald—was certainly within the reasonable range of possibilities, and Fitzgerald should have anticipated such a course and protected himself by taking action earlier.

Finally, the court does not find the due process argument persuasive.[3] Initially, the parties dispute whether the issue is properly before this court. While issues raised for the first time on appeal are generally not considered, *see Williams*, 294 F.3d at 614, at oral argument, Fitzgerald noted the exception to this general rule, where an issue may be considered for the first time on appeal "in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice," *see Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (citing *National Wildlife Fed. v. Hanson*, 859 F.2d 313, 318 (4th Cir. 1988)). This is not such a case. As noted above, the court finds that the bankruptcy court did not err when it determined that Fitzgerald waived his interest in the proceeds, and as a result, any failure to raise the issue was an error in judgment on Fitzgerald's part, not plain error by the bankruptcy court.

Rather than present a new issue for review, however, the due process claim essentially couches the same issue in different terms. Accordingly, this court's determination that the bankruptcy court did not err in finding that Fitzgerald waived any interest in the proceeds compels the concomitant finding that such a finding does not constitute a deprivation of due process.

---

[3] In fact, some courts have held that due process concerns for the rights of third parties mandate that an adversary proceeding is necessary in certain circumstances. *See In re Van Ness*, 399 B.R. 897, 904–05 (Bankr. E.D. Cal. 2009). The bankruptcy court noted its concern about third parties when it denied Fitzgerald's motion to reconsider and noted that the rights of Norris's unsecured creditors would be significantly prejudiced if the court belatedly considered Fitzgerald's argument. (*See* Hr'g Tr. 14:25–15:1, Nov. 14, 2011.)

9

## IV. CONCLUSION

For the reasons set forth above, the court hereby affirms the bankruptcy court's order entered on September 26, 2011, and amended on September 28, 2011, holding that Fitzgerald waived any interest in the insurance proceeds and authorizing the Trustee to disburse the proceeds.

    IT IS SO ORDERED.

April 11, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge